UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FELICIA A.,[1]

                                          Plaintiff,        Case # 20-cv-6435-FPG

v.                                                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

## INTRODUCTION

On July 26, 2016, Plaintiff Felicia A. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). Tr.[2] 15. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge Arthur Patane (the "ALJ") on January 10, 2019. Tr. 14, 15. On March 19, 2019 the ALJ issued an unfavorable decision. Tr. 12. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify Plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 11.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I.  **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II. **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

**I.      The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 27, 2015, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: partial amputation of two fingers (ring finger and pinky finger) on the left non-dominant hand due to a gunshot wound, affective disorder, anxiety disorder, post-traumatic stress disorder, and obesity. Tr. 18.

At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. *Id*. The ALJ determined that Plaintiff maintained the RFC to perform light work. Tr. 23. However, the ALJ found that Plaintiff had non-exertional and exertional limitations including that Plaintiff can have frequent, but not constant, use of her left hand (non-dominant) and frequent, not constant contact with co-workers and the public. *Id*.

At steps four and five, the ALJ concluded that there were jobs that existed in significant numbers in the economy that Plaintiff could perform. Tr. 26. As such, the ALJ found that Plaintiff was not disabled.

**II.     Analysis**

Plaintiff takes issue with the ALJ's decision on the basis that: (1) the ALJ failed to account of limitations found in the opinion of consultative examiner, Nikita Dave, M.D.; (2) the ALJ failed to account for the limitations identified in the report of consultative examiner, Kristina Luna, Psy. D.; and (3) the ALJ's RFC determination is unsupported by substantial evidence. Because this

Court agrees that remand is required under Plaintiff's second argument, it does not address Plaintiff's other arguments.

The ALJ determined that Plaintiff could perform light work but, among other things, could have frequent, but not constant contact with co-workers and the public. Tr. 23. The ALJ considered Dr. Luna's report and gave it some weight. Tr. 21. In her report, Dr. Luna opined that Plaintiff was moderately limited in being able to maintain attention and concentration. Tr. 306. The ALJ gave Dr. Luna's opinion "some weight," finding it, "generally congruent and consistent with the evidence." Tr. 21. While purporting to give Dr. Luna's opinion some weight, the ALJ did not discuss this moderate limitation that Dr. Luna identified. *Id*. For this reason, this case must be remanded.

An ALJ must "evaluate every medical opinion he receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997). An ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, No. 1:14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). Thus, when an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions. *Raymer v. Colvin*, No. 14-CV-6009, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015).

4

Here, the ALJ does not explicitly explain why he refused to incorporate the attention/concentration limitation that Dr. Luna found. The only rationale the Court can glean from the ALJ's decision is the following paragraph:

> I find that [Plaintiff] has no more than mild limitations in her ability to concentrate, persist, or maintain pace. The claimant reported that she was able [to] shop alone (with help carrying items). She is able to handle her finances. She is able to maintain her work schedule on a regular basis and sustain a routine. Treatment records do not document difficulty focusing during examinations.

Tr. 22. Thus, the ALJ appears to have conducted his own review of the underlying evidence to conclude that Plaintiff had no attention or concentration deficits. However, he failed to meaningfully address the fact that three sources concluded that Plaintiff had at least moderate limitations in attention and concentration: Dr. Luna; state agency consultant E. Kamin, Ph.D.; and treating mental health counselor Thomas Peechatt. Tr. 57, 306, 337. Thus, on its face, the ALJ's analysis appears erroneous, as he rejected the opinion evidence on this limitation and relied on his own review of the record to conclude that Plaintiff did not suffer from any attention or concentration deficits. An ALJ "is prohibited from rejecting all opinion evidence and 'playing doctor.'" *Winter v. Comm'r of Soc. Sec.*, No. 18-CV-632, 2020 WL 2465080, at *4 (W.D.N.Y. May 12, 2020) (collecting cases); *see also Lilley v. Berryhill*, 307 F. Supp. 3d 157, 161 (W.D.N.Y. 2018) ("[T]he leeway given to ALJs to make 'common sense judgments' does not typically extend to the determination of mental limitations, which are by their very nature 'highly complex and individualized.'" (internal citation omitted)). And even if there were some permissible basis for rejecting the opinion evidence and reaching the conclusion that the ALJ did, his rationale is not sufficiently discernible from the decision itself. Indeed, the ALJ's explanation is internally inconsistent with Plaintiff's mental limitations, as he claims that Dr. Luna's and Dr. Kamin's opinions are "generally congruent and consistent with the evidence" but proceeds to disregard a

5

limitation they both identified. Tr. 21. All of this "raises the specter that the ALJ either cherry-picked the evidence to justify a pre-ordained conclusion, or interpreted the medical evidence based on [his] own lay judgment—both of which constitute error." *McGirr v. Comm'r of Soc. Sec.*, No. 19-CV-1004, 2020 WL 3467416, at *2 (W.D.N.Y. June 25, 2020). Because the ALJ has not sufficiently explained his handling of Dr. Luna's opinion and the attention/concentration limitation so as to permit "meaningful judicial review," remand for further proceedings is warranted. *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 13, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 14, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 26, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court